IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LATOYA PROPPS, CARY SAMPSON, YOLANDA ELIE, DRUCILLA BRIGGS, <br><br> Plaintiffs, <br><br> v. <br><br> NEGUSSIE SADO, <br><br> Defendant. | Civil No.: 3:17-cv-01478-JE <br><br> FINDINGS AND <br> RECOMMENDATION AND ORDER |

JELDERKS, Magistrate Judge:

This action is brought by *pro se* Plaintiff LaToya Propps, who is purportedly joined by *pro se* Plaintiffs Sampson, Elie, and Briggs. Plaintiffs allege they were "displaced" from their housing and that their credit has been negatively affected due to misrepresentations about their rental history. The Complaint comprises a court-provided Complaint form completed by hand and a separate handwritten page listing Plaintiffs Sampson, Elie and Briggs. Complete addresses are provided for Plaintiffs Propps and Sampson. However, only phone numbers and "Portland, OR 97217" are given for Plaintiffs Elie and Briggs. In addition, only Plaintiff Propps has signed the Complaint. Plaintiff Propps has also submitted a signed application to proceed *in forma*

FINDINGS AND RECOMMENDATION AND ORDER – 1

*pauperis.* No other Plaintiffs have submitted an *in forma pauperis* application.

Plaintiff Propps' motion for *in forma pauperis* status is granted. However, for the reasons set forth below, the Complaint should be dismissed, without service of process, for lack of jurisdiction and on the basis that it fails to state a claim upon which relief can be granted. *See* FRCP 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

**Background**

The Complaint alleges:

> tenants were displaced at the end of May 2017. defendant lied to plaintiff about moving waited until a week before they had to be out to tell them they stilled needed to move. later plaintiff have tried to find a place and been unable to due to defendant placing a eviction on their credit. which is not true

Complaint at 5 (errors in the original).

Plaintiffs seek to have their credit repaired and negative information removed from their rental history. In addition, they seek $10,000 "right away" for "personal needs" and $250,000 "at the convenience of the court." Complaint at 5-6.

Plaintiff Propps has also filed a Motion for Order titled "Demand for Payment by Court."[#3]. In her motion, Plaintiff "demand[s] payment of the court for family needs . . . ."

**Discussion**

Federal courts are courts of limited jurisdiction and are presumed to lack jurisdiction over a case unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). Federal district courts may hear only those cases that are within the judicial power conferred by the United States Constitution or by statute. *Richardson v. United States,* 943 F.2d 1107, 1112-13 (9th Cir.1991), *cert. denied,* 503 U.S. 936 (1992). Federal Rule of Civil Procedure 12(h) requires this court to dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." *See also*, *Augustine v. United*

*States,* 704 F.2d 1074, 1077 (9th Cir. 1983). A court may dismiss an action *sua sponte* if it lacks subject matter jurisdiction. *See, e.g.*, *Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974).

Jurisdiction must be based on either diversity of citizenship for cases involving more than $75,000 in damages between citizens of different states or on a claim based on the United States Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 1331, 1332.

Furthermore, under 28 U.S.C. § 1915(e)(2)(B), a complaint filed *in forma pauperis* must be dismissed before service of process if it is frivolous, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.

In order to state a viable claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also, Ashcroft v. Iqbal*, 556 U.S. 662 (2009)(specifically applying *Twombly* analysis beyond the context of the Sherman Act). In addition, under Federal Rule of Civil Procedure 8(a)(1), every complaint must contain "a short and plain statement of the grounds for the court's jurisdiction...." However, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. The court must liberally construe a pro se plaintiff's complaint and permit amendment unless the deficiencies in the complaint cannot be cured by amendment. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-624 (9th Cir. 1988).

As an initial matter and as noted above, only Plaintiff Propps' signature appears on the Complaint. Federal Rule of Civil Procedure 11 requires all unrepresented plaintiffs to sign the complaint. Fed. R. Civ. Pro. 11(a). Further, a *pro se* plaintiff may not bring an action on behalf of any other party, or on behalf of a class of plaintiffs. *See* 28 U.S.C. § 1654. Accordingly, Sampson, Elie and Briggs should be dismissed as plaintiffs in this case.

Plaintiffs assert that this court has diversity jurisdiction over this action. However, Plaintiffs allege that they and Defendant are all citizens of Oregon. Thus, diversity of citizenship is not present here. Furthermore, none of the allegations in Plaintiff's Complaint can be construed to support a cause of action arising under the United States Constitution, laws, or treaties of the United States. Thus, this court lacks subject-matter jurisdiction in this case.

Accordingly, Plaintiffs' Complaint should be dismissed. Although it appears doubtful that the defects in Plaintiff's Complaint can be cured by amendment, dismissal should be without prejudice.

If Plaintiff Propps does file an amended complaint based on federal question jurisdiction, she must specifically identify the federal statute, treaty or Constitutional provision that she alleges was violated by Defendant. Plaintiff must also allege sufficient facts to satisfy the federal pleading standard set out by the federal rules of civil procedure and the *Iqbal* and *Twombly* cases. If additional *pro se* plaintiffs join in the Complaint, their signatures must be affixed to the Complaint and they must otherwise comply with the requirements of Fed. R. Civ. Pro. 11(a). Additional plaintiffs must submit any required filing fee or individual applications to proceed *in forma pauperis*.

## **Conclusion**

Plaintiff Propps' application to proceed *in forma pauperis* [# 1] is GRANTED. Plaintiff's Motion for Order [# 3] should be DISMISSED as moot. Plaintiffs Sampson, Elie, and Briggs should be dismissed as Plaintiffs and the Complaint should be DISMISSED without service of process. A judgment should be entered dismissing the complaint without prejudice and with leave to file an amended complaint, curing the deficiencies noted above, within thirty days of the date of the Order. Plaintiff should be advised that failure to file an amended

complaint which cures the deficiencies noted shall result in the dismissal of this action with prejudice.

## **Scheduling Order**

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due November 14, 2017. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 31st day of October, 2017.

                                        /s/ John Jelderks
                                John Jelderks
                                U.S. Magistrate Judge